Matthew Muller
2450 Clay Bank Rd
Fairfield, CA 94533

1  MATTHEW D. MULLER

2  HUEI J. DAI

3  1684 Decoto Road #274

4  Union City, CA 94587

5  PHONE: (415) 999-2185

6  FAX: (415) 366-3326

7  diana@projectjusticeforall.org

8

9  In Pro Per

10

11              UNITED STATES DISTRICT COURT

12

13        FOR THE EASTERN DISTRICT OF CALIFORNIA

14                              2:20 - CV 0489 ___ EFB PC

15  MATTHEW D. MULLER,        Case No. _____

16  HUEI J. DAI,

17                            COMPLAINT FOR DAMAGES

18        Plaintiffs,         AND INJUNCTIVE RELIEF

19        V.

20

21  COUNTY OF SOLANO,         Jury Trial Demanded

22  THOMAS FERRARA,

23  GLOBAL TEL LINK, INC.,

24  DOES 1 to 50,

25

26        Defendants.

COMPLAINT                    -1-

## INTRODUCTION

1.   This action arises out of the Solano County Sheriff's Office's failure to provide constitutionally required legal resources to inmates in the custody of the Sheriff. The U.S. Supreme Court has not specified what specific materials and services meet constitutional minimum standards. It has instead required that custodians confer an ability on inmates to prepare and file certain legal matters in accordance with the rules of the relevant courts. As legal technology has changed, so too have rules of state and federal courts, and so too have what custodians must provide to meet the Constitution's requirements.

2.   The Solano County Sheriff's Office falls short. Even when its programs and policies are diligently applied, the limitations imposed by those programs and policies prevent inmates from performing basic legal tasks. An arrestee will have no access to legal materials or information for a week or more. The most she will know about basic rights and issues at stake during arraignment is a few whispered words from a public defender who knows nothing about her. An inmate who wishes to challenge his conviction and requests information about how to do so will receive a legal packet as impenetrable to a layperson as are the cases it cites decrepit — over fifty years old on average. And if an inmate requires typewriting or other special preparations needed to comply with court rules, she is without recourse from the Sheriff's Office.

3. Many Solano County inmates will have their legal needs met by an attorney. This avenue also is obstructed through unlawful eavesdropping on privileged communications. Global Tel Link provides Solano County authorities with access to recordings of confidential communications, continuing its practices detected in other jurisdictions such as Orange County, California.

4. In their constitutional and statutory role as "Keepers," California Sheriffs act as officers of the court, distinct from their separate law enforcement capacity. In their role as custodians, it is crucial to the justice system that sheriffs uphold state and U.S. constitutional standards for access to the courts, and that they do not instead act as agents for the prosecution. The Solano County Sheriff's Office has strayed from its correct role.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. § 1983 and the jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343. The Court has jurisdiction of related state law claims pursuant to 28 U.S.C. § 1367. Venue is properly in this Court because Plaintiffs' claims for relief arose in this District and one or more of the Defendants reside in this District.

///

///

COMPLAINT                    -3-

## PARTIES

6. The Plaintiff MATTHEW MULLER is a resident of Solano County, California in pre-trial custody at the Stanton Correctional Facility in that county.

7. The Plaintiff HUEI DAI is a resident of Alameda County, California and is Mr. MULLER's spouse and court-authorized legal assistant during relevant periods.

8. The Defendant COUNTY OF SOLANO is a California municipal entity located within this Court's territorial jurisdiction.

9. The Defendant THOMAS FERRARA is the Sheriff of Solano County and the chief executive of the Solano County Sheriff-Coroner's Office ("SCSO"). He is Mr. MULLER's custodian and is a resident of Solano County, California.

10. The Defendant Global Tel Link is a Delaware corporation doing business at dozens of correctional facilities throughout California and this District. It is a provider of communications for the Stanton Correctional facility.

11. The Plaintiffs are ignorant of the true names of DOES 1 through 50, inclusive, and accordingly sues them by their fictitious names. The Plaintiffs are informed and believe that DOES are persons and

COMPLAINT                    -4-

1  entities legally responsible for the harms described herein, and did
2  unlawfully cause and conspire to cause such harms.
3
4                          FACTUAL ALLEGATIONS
5
6  12. The Plaintiff Mr. MULLER entered the custody and control of
7  FERRARA, COUNTY OF SOLANO, and DOES 1 to 25 ("County Defendants")
8  on or about September 15, 2018. The Plaintiff was transferred
9  from federal prison to contest criminal charges filed in Solano County.
10
11  13. As his custodian and responsible persons and entities, the County
12  Defendants had and have a duty under state and federal law to provide
13  Mr. MULLER with meaningful access to the courts. This includes a
14  responsibility to provide affirmative assistance in relation to challenges
15  to and defense of criminal matters, and to challenging the conditions
16  of his confinement. It also includes a duty not to unjustifiably
17  obstruct Mr. MULLER's access to court and counsel at his own
18  expense. The County Defendants have breached both duties.
19
20  14. The Plaintiff suffered the consequences of this breach almost
21  immediately upon entering the County Defendants' custody. SCSO
22  provides inmates no legal materials except through a "research
23  paging" system operated by Legal Research Associates pursuant to
24  a contract with the County. Inmates request materials using a
25  form that they submit to staff in their living units. The request
26  is transmitted to a legal officer, who in turn transmits it to the
27

COMPLAINT                        -5-

vendor, which fulfills the request and transmits it to the legal officer, who routes it to staff in the living unit, who finally give the materials to the requesting inmate. The process usually takes seven days and the plaintiff Mr. MULLER has observed it taking as little as four and as much as fourteen, those these extremes are uncommon.

15. As a consequence of this system and the unavailability of basic legal texts such as the California Penal Code, Mr. MULLER had no access to essential legal information for the crucial first week of his custody. He unnecessarily waived statutory "speedy preliminary hearing" rights because the mechanics of those rights are counter-intuitive to someone not familiar with California criminal procedure. An attorney retained by Mr. MULLER's family was out of state when Mr. MULLER was arraigned and he was required to determine his own rights and legal strategy. The Custody Defendant's lack of adequate legal resources made doing so competently impossible.

16. Delayed research availability has repeatedly prejudiced Mr. MULLER. Under this Court's local rules, an incarcerated pro se litigant must file any reply to a motion response within seven days of that response, L.R. 230(l). In August of 2019, Mr. MULLER was unable to timely reply to a response in his § 2255 matter due to delayed research. The motion was decided while Mr. MULLER's reply was en route to the Court.

17. In April of 2019, Mr. MULLER was served with a motion to allow "other acts" evidence approximately ten days before trial was scheduled to begin. The motion contained over thirty citations and Mr. MULLER was representing himself at that time. He did not receive the cases and related research in time to respond. This was one of the reasons Mr. MULLER was forced to waive his statutory speedy trial rights.

18. The fact that Mr. MULLER was even representing himself at that point was clue to another shortcoming in the research system. The service expressly will not provide any index or table of contents for codes and secondary materials. An inmate must accordingly request each code section individually by citation. If the citation is unknown, an inmate must "hunt around" a known section to find related material. This is not an intuitive process given that a section designated 1000 may be followed by 1001, 1010, 1000a, 1000.5 and other possible variations depending on how amendments have been encoded.

19. The California Penal Code is particularly unpredictable in this regard. In 2018, the Plaintiff inquired into California statutes relating to the right to counsel. These begin at Penal Code section 987 and continue with 987.05, 987.1, 987.2 and go on to skip items such as 987.7 and add sections such as 987.81. When the th Plaintiff's public defender was elevated to the bench, the new defender advised Mr. MULLER he must waive time

1  because he would not be prepared for preliminary examination
2  within the speedy trial period. Mr. MULLER did not want to
3  waive his rights under two statutes and the defender was obdurate
4  about any alternative. MULLER accordingly elected to proceed
5  pro se, although he felt forced to do so. Mr. Muller was
6  familiar with Penal Code sections 987 and a few others relating
7  to appointed counsel. But he did not know of — and could
8  not know without a table of contents, index, or full code — of
9  section 987.05, providing that the court could require counsel
10  to proceed within statutory deadlines or else appoint a lawyer
11  who could.
12
13  20. The County Defendants also impeded efforts Mr. MULLER made
14  to compensate for their deficient assistance. Mr. MULLER
15  purchased his own code books, but is allowed to have no more
16  than five books, magazines, or newspapers — i.e. five items total —
17  at one time. Accordingly he has had to cycle books in and
18  out of his quota. MULLER has purchased some books such as
19  the California Evidence Code multiple times. Under a rule that
20  is applied to Mr. MULLER and not other inmates, he is allowed
21  to receive only five pages in each envelope mailed to him. Accordingly,
22  when he was attempting to write a Ninth Circuit brief relating to a
23  rape and beating he suffered in custody, Mr. MULLER's spouse had
24  to send him the appellate record in 54 different envelopes.
25
26  21. As to another appeal involving his criminal matter, Mr.

COMPLAINT                              -8-

1  MULLER was forced to abandon his efforts to file it because
2  the County Defendants refused to provide any means to typewrite
3  or machine print the filing as was strictly required under court
4  rules. Mr. MULLER's criminal attorney was forced to write the
5  filing at the last minute. Mr. MULLER was most familiar with the
6  issues and had received assistance from an ACLU attorney. The
7  criminal attorney wrote a pro forma interlocutory appeal, which was all
8  that time allowed for. It was denied.
9
10  22. At times Mr. MULLER has had an attorney, they have been
11  eavesdropped upon by the County Defendants, in some instances with
12  the help of services provided by GLOBAL TEL LINK ("GTL").
13  GTL provides telephone services for inmates that are used for both
14  confidential and nonconfidential calls. The calls are recorded whether
15  or not confidential and are made available to the County Defendants.
16  GTL provides various tools for distributing, storing and analyzing the
17  calls, even though it knows that as to certain calls and functions
18  it is doing so in violation of state and federal law.
19
20  23. The County Defendants use the above services, knowing that
21  certain of their uses is in violation of state and federal law. While
22  telling inmates and their family members that calls are monitored for
23  purposes of institutional security only, in fact the private conversations
24  are distributed much more widely. GTL was aware and did
25  enable this wider distribution of both confidential and nonconfidential
26  calls by developing electronic and Internet-based tools and interfaces

1   for the County Defendants and others to use. In so doing, GTL
2   acted in concert with the County Defendants and acted under color of
3   state law.
4
5   24. DOES 26 to 50 are GTL employees, affiliates, and contractors who
6   have participated in the development, implementation and marketing of the
7   above-described tools and services. They acted in concert with County
8   Defendants anded and acted under color of state law in that they
9   knew the tools and services were being used to violate the
10  constitutional rights of the Plaintiffs and others similarly situated.
11
12  25. The Defendants have recorded and distributed confidential
13  calls between Mr. MULLER and his attorney and between him and
14  Ms. DAI when she was acting as his court-appointed legal assistant.
15  For example, during one confidential legal call, Mr. MULLER
16  gave a file name and location of a webpage that was to
17  be used to coordinate with a court-appointed investigator.
18  Before the web address was ever given out, the page received
19  visits from unknown persons even though there was no way to
20  reach the page except by typing the address and even though
21  the page was not indexed in any search engine. On
22  information and belief, that and other calls were recorded or
23  monitored.
24
25  26. The County Defendants also have an electronic monitoring
26  system used throughout the facility. The system is used overtly

COMPLAINT                                    -10-

1  as an intercom system but also covertly as a one-way listening
2  device. This is used for lawful monitoring of inmates but also for
3  unlawful monitoring in attorney booths and private calling areas. In
4  March of 2019 the system was used to monitor Mr. MULLER's
5  communications with advisory counsel and his spouse acting in her
6  capacity as court-appointed legal assistant. The information gained was
7  then passed on to the prosecution in Mr. MULLER's criminal matter.
8
9  27. The County Defendants have taken various other steps to harm
10 or fail to provide adequate access to the courts. When Mr. MULLER
11 suffered from a hand injury, they refused to provide reasonable help
12 in alleviating the condition so that he could write. They were
13 ordered by a state judge to provide such assistance and made
14 flatly false representations concerning whether they had done so. In
15 retaliation for his seeking assistance from the state judge, County
16 Defendants moved in criminal proceedings the Mr. MULLER either
17 remain shackled before the jury or be surrounded by six deputies.
18 As grounds for the exceptional measures, the County Defendants
19 stated they were necessary because Mr. MULLER was "litigious"
20 and not for any reason relating to violence or disorderly conduct.
21 (At that time, Mr. Muller had only ever filed a single lawsuit,
22 through counsel, for narrow injunctive relief relating to his rape
23 and beating in custody.)
24
25 28. In addition, the Defendants have violated the Plaintiffs' right to
26 privacy by distributing their private communications.

COMPLAINT                          -11-

CLAIMS FOR RELIEF

29. All preceding paragraphs are incorporated and realleged as if fully set forth herein.

30. Acting in concert and under color of state law, the County Defendants violated Mr. MULLER's right of access to the courts when they failed to provide reasonable assistance as outlined above and obstructed Mr. MULLER's efforts to compensate for their deficient assistance at his own expense, all in violation of the First and Fourteenth Amendments.

31. Acting in concert and under color of state law, the County Defendants violated Mr. MULLER's right to represent himself when they made it impossible for him to competently do so through the above acts and omissions and through failing to provide reasonable means to review crucial digital evidence in his case, all in violation of the Sixth and Fourteenth Amendments.

32. Acting in concert and under color of state law, all Defendants violated Mr. MULLER's right of unobstructed access to counsel and other legal professionals when they recorded and eavesdropped upon his confidential communications, in violation of the First, Fourth, Sixth and Fourteenth Amendments.

33. Acting in concert the Defendants violated Mr. MULLER's and Ms. DAI's right to privacy under the California Constitution when they disclosed, without being presented a warrant or subpoena, Mr.

1  MULLER's and Ms. DAI's private family communications to third
2  parties and not for purposes of maintaining the safety or security
3  of the institution where Mr. MULLER is confined.

4

5  WHEREFORE, Plaintiffs pray for judgment against the Defendants
6  and request that the Court grant relief as follows:

7

8  (a) Declare that the above-described conduct of the Defendants violated
9      the constitutional and civil rights of the Plaintiffs.
10 (b) Issue a permanent injunction against the County Defendants requiring
11     them to provide access to the courts in accordance with the Constitution.
12 (c) Issue a permanent injunction against GTL barring it from recording
13     or memorializing in any way inmates' confidential legal calls.
14 (d) Award compensatory, general, and punitive damages to Plaintiffs
15     according to proof.
16 (e) Award Plaintiffs reasonable costs and expenses of this action.
17 (f) Award such other relief as the Court deems fit.

18
19                              Respectfully submitted,

20
21
22              Matthew Muller,    Huei Dai,  In Pro Per

23

24              DECLARATION OF MAILING
25 I, Matthew Muller, declare under penalty of perjury that I submitted
26 the foregoing to jail officials for mailing on March 1, 2020.

COMPLAINT                    -13-
                                          Matthew Muller

| | |
|---|---|
| 1 | MATTHEW D. MULLER |
| 2 | HUEI J. DAI |
| 3 | 1684 Decoto Road #274 |
| 4 | Union City, CA 94587 |
| 5 | (415) 322-0492 |
| 6 | diana@projectjusticeforall.org |
| 7 | In Pro Per |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. MULLER and HUEI J. DAI | No. |
| Plaintiffs, | PLAINTIFFS' CASE MANAGEMENT STATEMENT |
| v. | |
| COUNTY OF SOLANO, et al., | |
| Defendants | |

Plaintiffs have filed the concurrently submitted complaint in order to meet a statutory deadline. Plaintiffs anticipate filing an amended complaint and memorandum in support of prisoner complaint screening within 30 days. Plaintiffs submit that it would be most in the interests of judicial economy to postpone screening until that time.

Respectfully submitted,

Huei Dai          Matthew Muller

CASE MANAGEMENT STATEMENT          -1-

Via First Class Mail

Matthew Muller
Huei Dai
35109 11th Street
Union City, CA 94587

February 29, 2020

Clerk, U.S. District Court
501 I Street
Sacramento, CA 95814

Subject: Civil Action, Initial Filing

Dear Clerk:

Enclosed please find (1) an initial complaint in a civil matter, and (2) a case management statement, contained in two envelopes.

This is in part a prisoner action against a government entity and subject to screening under 28 U.S.C. § 1915A. The Plaintiff does not have available a civil cover sheet or other forms and requests that any notice of deficiency be sent to the above address, and that the case be docketed in the interim, so that Plaintiffs may meet a statutory deadline. Thank you.

Respectfully,
Matthew Muller